UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MARQUEE JOHNSON** | **CIVIL ACTION NO. 3:13CV2559 - SEC P** |
| **VERSUS** | **JUDGE WALTER** |
| **MADISON PARISH DETENTION CENTER, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Summary Judgment, [doc. # 26], filed by Defendants Larry Cox, Major Johnson, and Lieutenant Martin. Plaintiff does not oppose the Motion. For reasons stated below, it is recommended that the Motion be **GRANTED**.

## Background

*Pro se* Plaintiff MarQuee Johnson,[1] an inmate in the custody of Louisiana's Department of Corrections and housed at the Madison Parish Detention Center ("MPDC"), filed this civil rights Complaint pursuant to 42 U.S.C. § 1983 on August 27, 2013. [doc. # 1]. He claims that he is "constantly exposed to second hand smoke" at MPDC. *Id.* at 3-4. He seeks monetary damages and a transfer to either a non-smoking facility or to a halfway house. *Id.* at 5.

Defendants filed the instant Motion for Summary Judgment on August 26, 2014. [doc. # 26]. They argue that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies prior to filing suit. *Id.*

The matter is now before the Court.

## Law and Analysis

---

[1] Plaintiff proceeds *in forma pauperis*. [doc. # 4].

A. <u>Summary Judgment Standard</u>

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*. "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).[2]

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all

---

[2] However, Rule 56 does not require a court to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoted source omitted).

permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). To rebut a properly supported motion for summary judgment, the opposing party must show, with "*significant* probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[3] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

B. <u>Exhaustion Principles</u>

---

[3] I.e., beyond doubt.

Pursuant to 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is required even where the relief sought cannot be granted by the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citations omitted). All "available" remedies must be exhausted, whether speedy and effective, or not. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules." *Johnson v. Kukua*, 342 Fed. App'x. 933, 934 (5th Cir. Aug. 20, 2009) (unpubl.) (citing *Woodford*, 548 U.S. at 89-93). An untimely or otherwise procedurally defective administrative grievance does not satisfy the exhaustion requirement. *Id.*

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). An inmate is required to "exhaust his remedies, irrespective of the form of relief sought, injunctive or monetary." *Richbourg v. Horton*, 2008 WL 5068680 (5th Cir. Dec. 2, 2008) (unpubl.) (citation omitted). Exhaustion also applies to claims brought against defendants in their official and/or individual capacities. *See e.g., Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010); *Hines v. Texas*, 76 Fed. App'x. 564 (5th Cir. Sept. 29, 2003) (unpubl.).

Exhaustion is an affirmative defense; thus, the burden is on the defendant to establish that the plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260,

4

266 (5th Cir. 2010). If a defendant meets this burden, a court has no discretion to excuse the plaintiff's failure. *Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

C. <u>Analysis</u>

Defendants contend that Plaintiff has yet to initiate even the first step of MPDC's administrative remedy procedure ("ARP"). [doc. # 26-1]. In support, they present evidence showing that there is indeed a three-step ARP that inmates at MPDC must use to resolve complaints. [doc. #s 26-3; 26-4]. Under the ARP, an inmate must first complete a grievance form and deposit it in a collection box for delivery to the Warden. [doc. # 26-4, p. 5]. The Warden's office will then inform the offender if his grievance is being processed or if it was rejected. *Id.* at 6. Pursuant to "Step Two," an inmate must ask the Warden to review his grievance. *Id.* Under "Step Three," if an offender is still not satisfied with the results of the review, he must appeal to the Sheriff. *Id.* The ARP cautions: "IF AN OFFENDER DOES NOT TIMELY FOLLOW EACH STEP OF THE PROCEDURE, HE MAY BE BARRED FROM LATER BRINGING HIS GRIEVANCE TO COURT." *Id.* at 2.

Plaintiff acknowledges that MPDC has a grievance procedure in place, and, most notably, clearly concedes that he did not initiate it. [doc. # 1, p. 2]. Thus, it is undisputed that Plaintiff failed to exhaust his administrative remedies prior to filing this action. However, Plaintiff claims in his unverified Complaint[4] that he could not file a grievance because MPDC "will not allow for grievance forms to be issued to inmates." *Id.* He explains that inmates working in the law library refuse to issue grievance forms because they fear retaliation from MPDC officials. *Id.* at

---

[4] A *pro se* litigant's unsworn pleadings are not competent summary judgment evidence. *See Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994)

4. However, Plaintiff provides no competent summary judgment evidence to support these assertions.

Defendants, on the other hand, present the affidavit of Antonio Johnson, a Major at MPDC, who avers that inmates cannot provide grievance forms to other inmates. [doc. # 26-3, p. 1]. Rather, he states that grievance forms "can be requested from any member of the correctional staff or by leaving a request slip in the collection box." *Id.* Thus, Plaintiff's assertion that the inmates in the law library refused to give him a grievance form is inapposite and does not support his claim that MPDC officials thwarted his efforts to pursue his grievance by threatening other inmates.

Johnson also avers that the procedure for requesting forms is explained to all inmates, and any inmate is free to utilize the procedure at any time. *Id.* Similarly, Defendants submit in their Statement of Uncontested Material Facts that "Plaintiff never requested an administrative remedy grievance form from the appropriate personnel." [doc. # 26-2, p. 1]. This statement of uncontested fact,[5] as well as Johnson's averment, refutes Plaintiff's unsubstantiated assertion that MPDC officials—as opposed to MPDC inmates—refuse to issue official grievance forms.

In any event, the ARP policy clearly states that inmates can initiate the grievance process by submitting "any form of written communication which contains the phrase: 'This is a grievance under the Administrative Remedy Procedure.'" [doc. # 26-4, p. 4-5]. Plaintiff adduces

---

[5] "When a party does not file an opposition to a motion for summary judgment, the district court is permitted to consider the facts listed in support of the motion as undisputed and grant summary judgment if they show that the movant is entitled to judgment in his favor." *Jegart v. Roman Catholic Church of Diocese of Houma Thibodaux*, 384 Fed. App'x 398, 400 (5th Cir. 2010) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)).

no evidence to demonstrate that he attempted to comply with this alternative means of filing a grievance. Consequently, the Court would not excuse Plaintiff's failure to exhaust even if MPDC officials did refuse to issue standard grievance forms.[6] *See Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 630 (5th Cir. 2003) (holding that even if prison guards did not give the inmate a pre-printed grievance form, "this does not change the fact that he was provided with the means to write one himself.").

Ultimately, while it is true that administrative remedies are not considered "available" to an inmate if the institutional authorities refuse to provide him with forms *needed* to exhaust his administrative remedies, *Aceves v. Swanson*, 75 Fed. App'x. 295, 296 (5th Cir. 2003), Plaintiff fails to establish that the authorities refused to give him the forms or that the forms were even needed to exhaust his remedies.[7] Defendants' uncontested, competent summary judgment evidence establishes beyond peradventure that the ARP was available to Plaintiff and that Plaintiff nonetheless failed to initiate it. The Court is thus compelled to find that there is no genuine dispute as to any material fact, that Defendants are entitled to judgment as a matter of law, and that Plaintiff's claims should be dismissed.

---

[6] This holds true even supposing that Plaintiff was ignorant of this alternative means of filing a grievance. *See Watson v. Hughes*, 439 Fed. App'x 300, 301 (5th Cir. 2011) (refusing to excuse a prisoner's failure to complete a two-step grievance procedure where the plaintiff believed that he had to wait until an informal investigation concluded); *Aguirre v. Dyer*, 233 Fed. App'x 365, 366 (5th Cir. 2007) (holding that the plaintiff's "ignorance of the rules requiring a Step 2 grievance [did] not excuse his noncompliance.").

[7] Although Plaintiff does not claim that the ARP was not posted or otherwise unavailable for review, the Court observes that Plaintiff acknowledged in his Complaint that MPDC maintains a prison grievance procedure. [doc. # 1, p. 2]. He also stated, "To my understanding[,] inmates have the right to file grievances and ARP forms." *Id.* at 4. More importantly, as set forth above, Major Johnson avers that the ARP is "explained to all inmates." [doc. # 26-3, p. 2].

Although dismissal for failure to exhaust administrative remedies is typically without prejudice,[8] the Court is authorized to dismiss Plaintiff's Complaint with prejudice with respect to his right to re-file it *in forma pauperis* ("IFP"):

> By choosing to file and pursue his suit prior to exhausting administrative remedies as required, [plaintiff] sought relief to which he was not entitled–that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures. We therefore affirm the district court's order dismissing [plaintiff's] action with prejudice for purposes of proceeding IFP.

*Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (overruled by implication on other grounds by *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

The foregoing approach is appropriate here. Accordingly, if Plaintiff exhausts his administrative remedies with respect to the claims raised, he may present these claims again, but he may not proceed *in forma pauperis* to do so.[9]

### Conclusion

For the above-stated reasons, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment, [doc. # 26], be **GRANTED**, and that the Complaint, [doc. # 1], be **DISMISSED without prejudice for failure to exhaust administrative remedies**, **but DISMISSED with prejudice** for purposes of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific,

---

[8] *See, e.g., Cooper v. Quarterman*, 342 Fed. App'x. 12, 13 (5th Cir. 2009).

[9] Of course, administrative exhaustion requires "proper" exhaustion, i.e., compliance with deadlines and other critical procedural rules. *Woodford, supra*. At this point, Plaintiff's delay may foreclose his ability to properly exhaust available administrative remedies.

written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 25th day of September, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE